UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH RAY WHITE,<br><br>          Petitioner,<br><br>     v.<br><br>GARY S. SANDOR, Warden,<br><br>          Respondent. | 1:12-cv-01637 AWI MJS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 19] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent, Gary S. Sandor, as warden of California Institution for Men, is hereby substituted as the proper named respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. Respondent is represented in this action by Brian G. Smiley, Esq., of the Office of the Attorney General for the State of California.

**I.     BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, upon being convicted by a jury of false imprisonment, assault with intent to commit rape, robbery and

kidnaping, along with several sentencing enhancements. (See LD No. 1.[1]) On March 10, 1998, Petitioner was sentenced to serve an indeterminate term of sixty-five (65) years to life. (Id.) On August 9, 1999, the California Court of Appeal, Fifth Appellate District, struck an enhancement but otherwise affirmed the judgment. (LD No. 2-3.) Petitioner sought review before the California Supreme Court, which was denied on October 20, 1999. (LD No. 4-5.)

Petitioner proceeded to file thirteen petitions for post conviction collateral review in the California state courts starting on October 24, 2000.[2] (LD No. 6.) The petition was denied on October 25, 2000. (LD No. 7.) Petitioner proceeded to file his second and third petitions in 2002, his fourth and fifth petitions in 2007, his sixth petition in 2008, and his seventh through thirteenth petitions in 2012. (LD Nos. 8-31.)

On August 16, 2012[3], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On December 14, 2012, Respondent filed a Motion to Dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d).  (Mot. to Dismiss, ECF No. 19.) Petitioner did fie a response to the motion to dismiss.

II.     **DISCUSSION**

   A.     **Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

[2] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988).  The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period.  Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Here, Petitioner did not date the petition, and therefore cannot be afforded an earlier time of filing.

[3] While Petitioner's federal petition was filed on August 20, 2012, under the mailbox rule the Court will consider the petition filed on August 16, 2012, the date Petitioner signed the petition.

Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of the one-year limitations period. 28 U.S.C. § 2244(d)(1). Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on August 16, 2012, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

   (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

      (A) the date on which the judgment became final by the conclusion of

        direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

        (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under § 2244(d)(1)(A), the limitations period begins running on the date that the petitioner's direct review became final or the date of the expiration of the time for seeking such review. In this case, the California Supreme Court denied review on October 20, 1999. The state appeal process became final ninety days later, on January 18, 2000, when the time for seeking certiorari with the United States Supreme Court expired. U.S. Supreme Court rule 13; Bowen v. Rowe, 188 F.3d 1157 (9th Cir. 1999). The AEDPA statute of limitations began to run the following day, on January 19, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

Petitioner would have one year from January 19, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. However, Petitioner delayed in filing the instant petition until August 16, 2012, over eleven years after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

    **C.**    **Tolling of the Statute of Limitations Period During State Court Appeals**

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2).

1 In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a
2 petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals
3 between one state court's disposition of a habeas petition and the filing of a habeas petition
4 at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza,
5 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state
6 petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court
7 explicitly states that the post-conviction petition was timely or was filed within a reasonable
8 time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S.
9 189 (2006). Claims denied as untimely or determined by the federal courts to have been
10 untimely in state court will not satisfy the requirements for statutory tolling. Id.

11 Petitioner filed his first state habeas petition on October 24, 2000, in the Stanislaus
12 County Superior Court. At that point, 279 days of the limitations period had elapsed.
13 Respondent does not challenge Petitioner's right to tolling during the pendency of the first
14 petition.  As 279 days of the limitations period already elapsed, 86 remained as of the date the
15 petition was denied on October 25, 2000. Accordingly, the limitations period expired on
16 January 22, 2001.[4] Petitioner filed another state petition over a year later on February 26,
17 2002. However, as the petition was filed over a year after the statute of limitations period
18 ended, it is untimely and has no tolling effect. Ferguson v. Palmateer, 321 F.3d 820 (9th Cir.
19 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended
20 before the state petition was filed."). Moreover, as Petitioner filed his next petition well over a
21 year later, and provides no reason for the delay, he is not entitled to interval tolling for the time
22 between when the petitions were filed. Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir.
23 2011).  The present petition was filed on August 16, 2012. As the petition was filed over eleven
24 years after the limitation period expired, the petition remains untimely.[5]

---

[4] The time for filing expired on January 20, 2001, a Saturday. Accordingly, Petitioner was entitled to file on the next business day, January 22, 2001.

[5] Respondent, in his motion to dismiss presents several additional reasons as to why Petitioner's subsequently filed petitions do not entitle him to statutory tolling. As the Court has already determined that the petition was untimely, it need not address such contentions.

### D. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62(2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

## III. CONCLUSION

As explained above, Petitioner failed to file the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, while Petitioner is entitled to the benefit of statutory tolling, the petition remains untimely.  Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

## IV. RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th

1  Cir. 1991).

4  IT IS SO ORDERED.

5  Dated:     April 15, 2013                    /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE